IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CREDICO | : | CIVIL ACTION |
| v. | : | |
| C.O. GUTHRIE, et al. | : | NO. 13-4476 |

MEMORANDUM

SÁNCHEZ, J.                                              NOVEMBER      , 2013

  Plaintiff has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against two correctional officers at the Chester County prison and the CEO of the Matthew Bender Company. He is alleging that the correctional officers interfered with his right of access to the courts because his time in the law library was cut short, on one occasion, and a correctional officer directed plaintiff's counselor to confiscate a copy of a case that plaintiff had requested from the law librarian.

  For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e).

  In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in plaintiff's complaint that would allow this Court to find that the CEO of the Matthew Bender Company is a state actor. Accordingly, the claims against the CEO of the Matthew Bender Company must be dismissed.

  Plaintiff's claims against the correctional officers will also be dismissed. Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. See

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner claiming that the defendants' actions "have inhibited [his] opportunity to present a past legal claim[] . . . must show (1) that [he] suffered an 'actual injury' - that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Id. Nothing in plaintiff's complaint suggests that the actions of the correctional officers caused him to suffer actual harm to his litigation efforts or that he has no other remedy to compensate him for his lost claims.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.